IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CIVIL ACTION FILE NOS. |
| | 1:25-mi-54-MHC |
| CASES FILED BY FELISSA | 1:25-mi-55-MHC |
| GRISSETT, | 1:25-mi-56-MHC |
| Plaintiff, | |

## ORDER

This matter comes before the Court on Plaintiff Felissa Grissett's Applications to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. 1], as well as frivolity determinations of the above-styled actions pursuant to 28 U.S.C. § 1916(e)(2). For the purposes of this Order only, the Court assumes that Plaintiff may proceed in forma pauperis and continues directly to a frivolity review of her filings.[1] Therefore, the IFP Application is **GRANTED** on this limited basis.

I.   BACKGROUND

On August 5, 2025, Plaintiff filed an IFP Application and Complaint in Grissett v. AAA, No. 1:25-mi-54. In its entirety, the Complaint alleges as follows:

---

[1] See, e.g., Order, Grissett v. Google, 1:25-cv-4260-MHC (N.D. Ga. Aug. 4, 2025), ECF No. 4.

"Come now the Appellant file a civil suit against AAA for fraud, altering records, conspiracy to commit murder and more. No Judge Cohen substitute him." On a second page, Plaintiff states, "This should be a civil matter no mi that what I requested she change it and she did not requesting an appointment with HR." Compl. [Doc. 1-1 and 1-2 in No. 1:25-mi-54].

The next day, Plaintiff filed another IFP Application and Complaint in Grissett v. Scana Energy et al., No. 1:25-mi-55. In its entirety, the Complaint alleges as follows:

> If a tech comes on my property He will go to Prison THATS my house!
>
> Notice of Filing
>
> Come now the Plaintiff filing a civil suit against the defendant for conspiracy to commit murder, fraud, violating my rights and more. A police report has been filed case number 202500089292 if a tech from Atlanta Gas light comes on my property HE or she will go to prison for criminal trespass. Jashua [undecipherable] is not the property OWNER!

Compl. [Doc. 1-1 in No. 1:25-mi-55].

Finally, on August 7, 2025, Plaintiff filed a third IFP Application and Complaint in Grissett v. Army et al, No. 1:25-mi-56. In its entirety, the Complaint alleges as follows:

> Come now THE Plaintiff filing a civil suit against the defendants. This civil suit is well overdue. I am requesting this case be handle with care.

2

> No Judge Mark Cohen substitute him and I'd like to efile. Case is due to illegal chapter, harassment, altering records and more.

Compl. [Doc. 1-1 in No. 1:25-mi-56].

## II.   LEGAL STANDARD

A federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is frivolous "where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A plaintiff, however, may not simply plead facts in a complaint sufficient to find that a claim to relief is merely conceivable; instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The Supreme Court has also instructed that

3

> [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not "shown"—that the pleader is entitled to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)) (other citations omitted).

The Court notes that, because Plaintiff is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, this "does not give a court license to serve as [her] de facto counsel . . . , or to rewrite an otherwise deficient pleading in order to sustain an action." Powers v. Avondale Baptist Church, 393 F. App'x 656, 657 (11th Cir. 2010) (internal quotation marks omitted). Moreover, nothing in the leniency accorded a *pro se* filing excuses a plaintiff from compliance with the threshold requirements of the Federal Rules of Civil Procedure. See, e.g., Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002).

## III.   DISCUSSION

As this Court has held in numerous prior Orders,[2] Plaintiff's threadbare, conclusory allegations provide the Court with no means of assessing the viability of any claim she seeks to assert against any of the various Defendants she has sued. The Complaints before the Court now fare no better. Plaintiff simply lists causes of action she seeks to assert against the Defendants she sues but provides no factual allegations to support these causes of action. Thus, the Court finds that Plaintiff's Complaints in these cases are frivolous and subject to dismissal. Although the Court recognizes that a pro se litigant must be given at least one change to replead her complaint where a more carefully drafted complaint might

---

[2] See Order, Grissett v. N. District of Bankr., No. 1:25-cv-308 (N.D. Ga. Jan. 28, 2025), ECF No. 2; Order, Grissett v. Davey, No. 1:25-cv-2700 (N.D. Ga. May 16, 2025), ECF No. 6; Order, Grissett v. USSA et al., No. 1:25-cv-3567-MHC (N.D. Ga. July 1, 2025), ECF No. 4; Order, Grissett v. Lexington Law, No. 1:25-cv-3569-MHC (N.D. Ga. July 1, 2025), ECF No. 4; Order, Grissett v. Ford et al., No. 1:25-cv-3572-MHC (N.D. Ga. July 1, 2025), ECF No. 4; Order, Grissett v. Ga. Power et al., No. 1:25-cv-3573-MHC (N.D. Ga. July 1, 2025), ECF No. 4; Order, Grissett v. Equifax et al., No. 1:25-cv-3595-MHC (N.D. Ga. July 1, 2025), ECF No. 6; Order, Grissett v. US Dep't of Just. et al., No. 1:25-cv-4256 (N.D. Ga. Aug. 4, 2025), ECF No. 5; Order, Grissett v. Uhaul Enterprise, No. 1:25-cv-4257 (N.D. Ga. Aug. 4, 2025), ECF No. 4; Order, Grissett v. Atlanta Natural Gas, No. 1:25-cv-4258 (N.D. Ga. Aug. 4, 2025), ECF No. 4, Order, Grissett v. Bill Matrix, No. 1:25-cv-4259 (N.D. Ga. Aug. 4, 2025), ECF No. 4; Order, Grissett v. Google, No. 1:25-cv-4260 (N.D. Ga. Aug. 4, 2025), ECF No. 4; Order, Grissett v. Halston Apartments, No. 1:25-cv-4327 (N.D. Ga. Aug. 5, 2025), ECF No. 4; Order, Grissett v. FedEx, No. 1:25-cv-4328 (N.D. Ga. Aug. 5, 2025), ECF No. 4; Order, Grissett v. Porte, No. 1:25-cv-4329 (N.D. Ga. Aug. 5, 2025), ECF No. 4; Order, Grissett v. Extended Stay, No. 1:25-cv-4330 (N.D. Ga. Aug. 5, 2025), ECF No. 4

state a claim, Gary v. U. S. Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (holding that the court was not required to *sua sponte* grant leave to amend to counseled plaintiffs who never requested such leave, but noting that the holding did not disturb a *pro se* litigant's right to amend)), the Court finds that leave to amend is not warranted under these circumstances given that the Court has provided Plaintiff ample notice and opportunity to cure these deficiencies through Orders issued in prior cases.

IV.  **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] is **GRANTED** for the purposes of dismissal only.  It is further **ORDERED** that Plaintiff's Complaints filed in each of the above-styled cases are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).  The Clerk is **DIRECTED** to close these files.

**IT IS SO ORDERED** this 11th day of August, 2025.

MARK H. COHEN
United States District Judge

6